IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JACKIE DUTTON, Administrator**
of the Estate of Thomas Dutton,
deceased,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                                    No. 04-CV-0103-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This case is a medical malpractice action brought pursuant to the Federal Tort Claims Act. ("FTCA"). Plaintiff alleges that plaintiff decedent's death was proximately caused by the negligence of Dr. Eladio Chatto, an employee of a deemed community health center pursuant to **42 U.S.C. § 233**.

Pending before the Court is Plaintiff's amended motion to bar defense expert Bernard Camins, M.D., from rendering emergency room opinions (Doc. 96). Specifically, Plaintiff moves to bar Dr. Camins from rendering any opinions as to the standard of care regarding an emergency room physician because he does not meet the standards required by Illinois statute **735 ILCS 5/8-2501** as he does not

regularly diagnose and treat patients in the emergency room setting.[1] The Government responds that **735 ILCS 5/8-2501** does not apply in this case as Illinois state law does not apply to this issue because it is properly covered by federal law as it is a procedural issue and that even if **735 ILCS 5/8-2501** does apply, Dr, Camins still qualifies as an expert under **735 ILCS 5/8-2501**. The Court agrees with the Government that **735 ILCS 5/8-2501** does not apply.

This Court has jurisdiction over this case under **28 U.S.C. § 1346** and **42 U.S.C. § 233**. Questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence. ***See Carter v. United States*, 333 F.,3d 791, 794 (7th Cir. 2003) (The Seventh Circuit in a FTCA case held: "The Court that the plaintiff sued in was a federal court, not an Illinois state court, and the procedures it applies are federal, not state, procedures, regardless of the source of the substantive rules in the case. This has been the law since 1938, when the Federal Rules of Civil Procedure superseded the Conformity Act, under which federal courts had conformed their procedures to those of the state**

---

[1] **735 ILCS 5/8-2501**(statute prior to the 2005 Amendments) provides in part:
In any case in which the standard of care applicable to a medical professional is at issue, the court shall apply the following standards to determine if a witness qualifies as an expert witness and can testify on the issue of the appropriate standard of care.
(a) Relationship of the medical specialties of the witness to the medical problem or problems and the type of treatment administered in the case;
(b) Whether the witness has devoted a majority of his or her time to the practice of medicine, teaching or University based research in relation to the medical care and type of treatment at issue which gave rise to the medical problem of which the plaintiff complains;
(c) whether the witness is licensed in the same profession as the defendant; and
(d) whether, in the case against a nonspecialist, the witness can demonstrate a sufficient familiarity with the standard of care practiced in this State.

in which the court was located. See, e.g., *Houben v. Telular Corp., supra,* 309 F.3d at 1032; *Odekirk v. Sears Roebuck & Co.,* 274 F.2d 441, 445 (7th Cir.1960)). Therefore, **735 ILCS 5/8-2501** does not apply in this case.

Accordingly, the Court **DENIES** Plaintiff's amended motion to bar defense expert Bernard Camins, M.D., from rendering emergency room opinions (Doc. 96).

**IT IS SO ORDERED.**

Signed this 10th day of March, 2006.

/s/      David RHerndon
**United States District Judge**